IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| B.B., individually and on behalf of all others similarly situated, | § § § § § | Civil Action No. _____ |
| Plaintiffs, | § § | |
| v. | § § | |
| PRIME HEALTHCARE SERVICES-KANSAS CITY d/b/a ST. JOSEPH MEDICAL CENTER, and MCG HEALTH, LLC, | § § § § § § | Removed from the Circuit Court of Jackson County, Missouri, Cause No. 2216-CV-16737 |
| Defendants. | § § | |

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1446 AND 1453
(DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT)**

Pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1446, and 1453 ("CAFA"), defendants MCG Health, LLC ("MCG") and Prime Healthcare Services-Kansas City, LLC d/b/a St. Joseph Medical Center (erroneously sued as Prime Healthcare Services-Kansas City d/b/a St. Joseph Medical Center) ("Prime," and together with MCG, "Defendants") give notice of the removal of the above-captioned action, pending in the Circuit Court of Jackson County, Missouri, as Cause No. 2216-CV16737 (the "State Court Action"), to the United States District Court for the Western District of Missouri, Western Division, and state as follows:

I. **BACKGROUND**

1. On or about July 25, 2022, plaintiff B.B. ("Plaintiff"), individually and on behalf of all others similarly situated, filed the Class Action Petition for Damages (the "Petition" or "Pet.") (attached as **Exhibit A**) in this civil action against defendants MCG and Prime, in the Circuit Court of Jackson County, Missouri (the "State Court") (State Court File and Docket

attached as **Exhibit B**). The Summons and Petition were served on MCG on September 26, 2022. The Summons and Petition were served on Prime on September 29, 2022. Neither defendant has responded to the Petition.

2. Defendants deny the allegations and relief sought in the Petition, deny any liability to Plaintiff or the members of the putative class, and file this Notice without waiving any defenses. Defendants also file this Notice without conceding, and specifically reserving, their right to contest the suitability of this lawsuit for certification as a class action.

3. This is a putative class action alleging a data security issue involving potential personal health information ("PHI") and personal identifying information ("PII"). Plaintiff alleges that "Defendants disclosed Plaintiff's and the other Class Members' PHI and PII to unauthorized persons as a direct and/or proximate result of Defendants' failure to safeguard and protect their PHI and PII." Pet. ¶ 3.

4. Plaintiff purports to assert seven claims in her Petition: breach of implied contract, negligence, invasion of privacy by public disclosure of private facts, breach of fiduciary duty of confidentiality, violation of the Missouri Merchandising Practices Act ("MMPA"), negligent training and supervision, and negligence per se.

5. Plaintiff purports to assert these claims on behalf of a putative statewide class: "All Missouri citizens of Defendants [*sic*] since March 25, 2017 and whose PHI and/or PII was disclosed by Defendants to unauthorized third parties." Pet. ¶ 77 (bold font omitted).

II. **REMOVAL UNDER CAFA IS PROCEDURALLY PROPER.**

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Circuit Court of Jackson County, Missouri, is located within the Western District of Missouri. *See* 28 U.S.C. § 105(b)(1).

7. This Notice is timely because thirty days have not yet elapsed from either MCG's or Prime's receipt of Plaintiff's Summons and Class Action Petition for Damages, through service or otherwise, under 28 U.S.C. § 1446(b).

8. Copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached, as required by 28 U.S.C. § 1446(a).

9. A written notice attaching a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

### III. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS PUTATIVE CLASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT.

10. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b). CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) any member of the putative class of plaintiffs is a citizen of a State different from that of any defendant (so-called minimal diversity); and (iii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs.

11. Without conceding that the Petition's allegations or claims have any merit, or that a class should be certified, Defendants acknowledge that this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Plaintiff brings the Petition "as a class action" under Rule 52.08 of the Missouri Rules of Civil Procedure, and seeks certification of a putative statewide class. Pet. ¶ 77 & Request for Relief ¶ A.

12. CAFA allows removal by "any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). As shown below, this action satisfies each of the requirements for original jurisdiction under CAFA.

13. <u>Class Action Consisting of More than 100 Members</u>. The putative class consists of at least 100 proposed class members. The Petition alleges that the "putative Class is comprised of tens of thousands of individuals[.]" Pet. ¶ 78. *See also* Pet. ¶ 34 ("the Breach affected tens of thousands of Defendants [*sic*] patients"). Furthermore, following the alleged data security issue, MCG notified more than 39,000 individuals in Missouri who, on information and belief, were patients of hospitals affiliated with Prime Healthcare Services, Inc. that an unauthorized party previously obtained certain of each of their personal information that matched data stored on MCG's systems. Because the putative class has at least 100 proposed class members, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

14. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

    a. Upon information and belief, as she alleges in the Complaint, Plaintiff is, and was at the institution of this civil action, a citizen of Missouri. Pet. ¶¶ 12, 14. She purports to bring a class action on behalf of a putative class comprising only "Missouri citizens." Pet. ¶ 77. Plaintiff and the members of the putative class are thus citizens of Missouri for purposes of diversity.

    b. MCG is a Washington limited liability company. A limited liability company is deemed a citizen of the states in which any member of the LLC is a citizen. *See GMAC Com. Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The sole

member of MCG is Hearst Healthcare Holdings I, Inc., a Delaware corporation with its principal place of business in New York. MCG is thus deemed a citizen of Delaware and New York for purposes of diversity jurisdiction. Although the Petition alleges that MCG is "a Missouri Corporation with its headquarters in Clayton, St. Louis County, Missouri," Pet. ¶ 16, that statement is not true. MCG is not a Missouri corporation, does not maintain its headquarters in Missouri, and is not a citizen of Missouri for purposes of diversity jurisdiction.

        c.      While CAFA requires only diversity of citizenship between at least one proposed class member and at least one defendant, diversity exists as to both defendants. Prime is a Delaware limited liability company. The sole member of Prime is Prime Healthcare Services, Inc., a Delaware corporation with its principal place of business in California. Prime is thus deemed a citizen of Delaware and California for purposes of diversity jurisdiction. Although the Petition alleges that defendant "Prime Healthcare Services-Kansas City d/b/a St. Joseph Medical Center is . . . a Missouri Corporation with its headquarters in Kansas City, Jackson County, Missouri," Pet. ¶ 15, that statement is not true and does not accurately name Prime, which is an LLC.

        d.      The diversity requirement of 28 U.S.C. § 1332(d)(2) is thus satisfied because there is diversity of citizenship between at least one proposed class member and at least one defendant.

    15.    <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). It is sufficient for a defendant to provide "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal. *Schott v. Overstock.com, Inc.*, Case No. 4:20-cv-00684-MTS, 2021 WL 14875, at *2 (E.D. Mo. Jan. 15, 2021) (citing *Pirozzi v. Massage Envy*

*Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2009)). When a complaint does not expressly "state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. § 1446(c)(2)). In that situation, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Pirozzi*, 938 F.3d at 983 (quoting *Dart Cherokee*, 574 U.S. at 89). The Eighth Circuit instructs that a putative class action "belongs in federal court unless it is *legally impossible* for the plaintiff to recover" the jurisdictional threshold amount of $5 million. *Pirozzi,* 938 F.3d at 984 (quoting *Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013)) (emphasis in original). In this way, "[e]ven if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id*. (citation omitted).

16. The Petition does not demand a sum certain, but the only reasonable conclusion from the allegations of the Petition is that the sum value of the amount in controversy exceeds $5,000,000 in the aggregate. As stated above, the Petition alleges that "tens of thousands" of people are in the putative class. Following the alleged data security issue, MCG notified more than 39,000 individuals in Missouri who, on information and belief, were patients of hospitals affiliated with Prime Healthcare Services, Inc. that an unauthorized party previously obtained certain of each of their personal information that matched data stored on MCG's systems. Thus, CAFA's amount-in-controversy requirement is satisfied if an average of $129 is in controversy for each class member ($129 times approximately 39,000 putative class members exceeds $5 million). That requirement is readily satisfied under Plaintiff's allegations.

    a. Plaintiff, on her own behalf and on behalf of the members of the purported class, requests "(i) actual damages, economic damages, and/or nominal damages, (ii) injunctive

6

4868-6678-9943 v1

Case 4:22-cv-00640-SRB    Document 1    Filed 10/07/22    Page 6 of 11

relief, and (iii) attorneys' fees, litigation expenses, and costs." Pet. ¶ 11. The Petition claims that "Plaintiff and the Class Members suffered damages, including, without limitation, emotional distress, loss of the benefit of the bargain, exposure to heightened future risk of further disclosure, identity theft and medical fraud, loss of privacy, confidentiality, embarrassment, humiliation and loss of enjoyment of life." Pet. ¶ 75.

    b. Defendants deny any and all liability and contend that Plaintiff's allegations lack merit. But taking Plaintiff's factual allegations as true and Plaintiff's legal allegations as correct, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Thus, the requisite amount in controversy for federal diversity jurisdiction under 28 U.S.C. §§ 1332(d)(2) & (6) is satisfied.

    c. Plaintiff, individually and on behalf of the putative Class, seeks damages on behalf of the putative Class equivalent to "all monies paid to Defendants in violation of the MMPA" on Count V, Pet. ¶ 129, and disgorgement of "all monies paid to Defendants in violation of the HIPAA [Health Insurance Portability and Accountability Act] and HITECH [Health Information Technology for Economic and Clinical Health Act]" on Count VII, Pet. ¶ 150. Thus, the Petition seeks all monies paid to Prime, of which thousands of members of the putative Class were patients.

    d. The Petition also seeks numerous categories of other damages. Plaintiff alleges that she and the putative class have incurred damages in "the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud[.]" Pet. ¶ 134. Plaintiff alleges that victims of data breaches spend "hundreds of dollars and many days repairing damage to their good name and credit record." Pet. ¶ 60. Plaintiff also alleges that "the mean consumer cost of rectifying identity fraud was $354 while the mean

4868-6678-9943 v1

resolution time of identity fraud was 12 hours." Pet. ¶ 63. Plaintiff states that identity theft victims "typically spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve credit and other financial issues resulting from data breaches." Pet. ¶ 73. The lowest average hourly wage in Missouri in 2021 was $11.67 per hour for residents of Ripley County. *See* Missouri Economic Research and Information Center, https://meric.mo.gov/data/county-average-wages (last visited Sep. 20, 2022).[1] Based even on that lowest average hourly wage, 12 hours spent resolving such issues would amount to $140.04 per individual, and adding $354 would total $494.04 per individual in alleged harm related to lost time and the cost of rectifying. Thus, accepting the allegations in the Petition, the average person in the putative class has suffered or will suffer at least $494.04 in cost and lost time "rectifying identity fraud."

    e.  Plaintiff further alleges that "those who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513." Pet. ¶ 73.

    f.  The Petition further asserts that the putative class has incurred "out-of-pocket expenses to purchase credit monitoring, internet monitoring, identity theft insurance and/or other Breach risk mitigation products." Pet. ¶ 76.[2]

---

[1] Missouri's minimum wage is $11.15 per hour. Mo. Dep't of Labor & Indus. Relations, https://labor.mo.gov/dls/minimum-wage (last visited Sep. 20, 2022).

[2] A review of case law over the costs of credit monitoring services show a range of costs from $6.99 to around $25 per putative class member per month. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116, 2022 WL 3357865, at *6 (W.D. Wash. August 2, 2022) (advertised monthly rates for three national credit reporting agencies ranged from $9.99 to $24.95 per month); *Porras v. Sprouts Farmers Mkt., LLC*, No. C16-1005, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (estimated cost of credit monitoring for 3 years was $15.95 per month per class member); *Fielder v. Penn Station, Inc.* No. 1:12CV2166, 2013 WL 1869618, at *2 (N. D. Ohio May 3, 2013) (approving defendants' amount-in-controversy calculation supported by declaration stating cost of credit monitoring services ranged from $6.99 to $24.00 per month); *see also* Vincent R. Johnson, *Credit-Monitoring Damages in Cybersecurity Tort Litigation,* 19 Geo. Mason L. Rev. 113, 116 & nn. 18-19 (2011) (discussing credit monitoring options ranging from about $9 per month to $30 per month).

g. Plaintiff also seeks "an Order enjoining Defendants from continuing to engage in the unlawful business practices alleged herein." Equitable relief should be considered for jurisdictional purposes based on the value of the relief to plaintiff and the putative class members. *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1094 (E.D. Mo. 2008) (suggesting that the appropriate measurement is "the value to the plaintiff of the right sought to be enforced") (citing *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987)).

h. Plaintiff also alleges that Plaintiff and the members of the putative Class have suffered damages in "emotional distress, humiliation and loss of enjoyment of life." Pet. ¶ 128.

i. The Petition also seeks attorneys' fees. Pet. ¶¶ 129, 150. Those amounts are properly considered in the amount-in-controversy calculus in the Eighth Circuit. *See, e.g.*, *Zellner-Dion v. Wilmington Fin.*, Inc., No. 10-cv- 2587, 2012 WL 2952251, at *3 (D. Minn. July 19, 2012); *Magee v. Advance Am. Servicing of Ark., Inc.*, No. 6:08-cv-6105, 2009 WL 890991, at *4 (W.D. Ark. Apr. 1, 2009); *see also Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (permitting the consideration of attorney fees to determine diversity jurisdiction).

j. Defendants dispute that MCG or Prime is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount as a result of MCG's or Prime's conduct. But for satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5 million, exclusive of interest and costs.

17. Defendants reserve all defenses.[3]

---

[3] Defendants do not concede that Plaintiff or any member of the proposed class states a claim for relief or would be entitled to any relief. Nor do Defendants concede the propriety of class certification. Nonetheless, Plaintiff's "claim, whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

## IV. CONCLUSION

For these reasons, defendants MCG Health, LLC and Prime Healthcare Services-Kansas City, LLC d/b/a St. Joseph Medical Center remove the above-styled and captioned cause pending in the Circuit Court of Jackson County, Missouri, to this Court under 28 U.S.C. § 1332(d) and request that further proceedings be conducted in the Western Division of the U.S. District Court for the Western District of Missouri, as provided by law. If any questions arise as to the propriety of the removal of this action or the Court's exercise of federal jurisdiction, Defendants request the opportunity to present a brief and oral argument.

Dated: October 7, 2022

Respectfully submitted,

/s/ *Robert T. Adams*
Robert T. Adams (MO# 34612)
rtadams@shb.com
Ann Songer (MO# 42813)
asonger@shb.com
SHOOK HARDY & BACON
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT MCG HEALTH, LLC**

Dated: October 7, 2022

Respectfully submitted,

/s/ *Colby M. Everett*
Colby M. Everett (MO# 72403)
ceverett@bakerlaw.com

10
4868-6678-9943 v1
Case 4:22-cv-00640-SRB    Document 1    Filed 10/07/22    Page 10 of 11

BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Phone: (303) 764-4062
Fax: (303) 861-7805

**ATTORNEYS FOR DEFENDANT PRIME HEALTHCARE SERVICES-KANSAS CITY, LLC d/b/a ST. JOSEPH MEDICAL CENTER (erroneously sued as PRIME HEALTHCARE SERVICES-KANSAS CITY d/b/a ST. JOSEPH MEDICAL CENTER)**

## CERTIFICATE OF SERVICE

I certify that on October 7, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I further served the foregoing document by U.S. Mail and email to the following address:

Maureen M. Brady
Lucy McShane
McShane & Brady, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

/s/ *Robert T. Adams*